IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| SHAWN LEE WHITENIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00646-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS ELBEL, WARDEN JEFFERSON COUNTY JAIL; PRIME CARE MEDICAL, MEDICAL VENDER JEFFERSON COUNTY JAIL; SUSAN ROSSINO, M.D. JEFFERSON COUNTY JAIL; JILL CLARK, PA-C, SITE MANAGER JEFFERSON COUNTY JAIL; JENIPHER PURCE, L.P.N.; AND DR. TERRI CALVERT, | ) | |
| Defendants, | ) | |

**MEMORANDUM ORDER**

AND NOW, this 2nd day of January, 2018, after consideration of Plaintiff's Motion for Reconsideration (ECF No. 105), it is HEREBY ORDERED that Plaintiff's motion is DENIED.

On December 5, 2017, the Court entered a Memorandum Opinion and Order which granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. Plaintiff filed a Motion for Reconsideration on December 20, 2017. Defendants responded thereto. (ECF Nos. 111, 112, 113).

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear

1

error of law or to prevent manifest injustice. *See Howard Hess Dental,* 602 F.3d at 251 (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D.Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum,* 600 F. Supp.2d 650, 670 (E.D.Pa. 2009).

Plaintiff's first grounds for reconsideration is whether the court analyzed his deliberate indifference claims from the context of his status as a pretrial detainee or whether the court analyzed his claims as his status as a pretrial detainee and a convicted prisoner. Plaintiff now alleges that he was a pretrial detainee from December 17, 2013 to May 16, 2014 and was a convicted prisoner from May 16, 2014 to June 3, 2014. As explained in the court's memorandum opinion, the Fourteenth Amendment affords pretrial detainees constitutional protections at least as great as convicted prisoners for deliberate indifference claims brought under the Eighth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Thus, the court's discussion regarding Plaintiff's deliberate indifference claim would be the same whether Plaintiff was a pretrial detainee or a convicted prisoner.

Plaintiff's remaining arguments for reconsideration simply ask this court to "re-litigate matters already argued and disposed of or to present previously available evidence or new arguments." *Doe v. Allentown Sch. Dist.*, CIV A 06-CV-1926, 2008 WL 4427136, at *1 (E.D. Pa. Sept. 26, 2008). Accordingly, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: SHAWN LEE WHITENIGHT
 182 Evansville Road
 Berwick, PA 18603

 all counsel of record via CM/ECF electronic filing