IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LEE WHITENIGHT, | ) |
|        Plaintiff, | ) Civil Action No. 2: 16-cv-0646 |
| vs. | ) United States Magistrate Judge |
| THOMAS ELBEL, et al., | ) Cynthia Reed Eddy |
|        Defendants, | ) |

## MEMORANDUM ORDER[1]

Presently before the Court is a Motion to Consolidate filed by Defendant Thomas Elbel (ECF No. 108) in which he asks the Court to consolidate this case with Civil Action No. 2:16-cv-0552.

In this case, Plaintiff's claims arise out of the medical care, or lack thereof, he received while a prisoner in the Jefferson County Jail. In Civil Action No. 2:16-cv-0552, Plaintiff alleges that while incarcerated at Jefferson County Jail, Warden Elbel recorded Plaintiff's attorney/client telephone calls and that on one occasion while he was being transported from the jail to a state court appearance, Deputy Nunley read the documents Plaintiff was carrying with him.

Courts are authorized to consolidate actions "[w]hen actions involving common questions of law or fact are pending before the court." Fed.R.Civ.P. 42(a). "The threshold requirement for determining whether consolidation is permissible is whether there exists a common question of law or fact. Consolidation must be denied if there is no common issue tying the cases together." *MarcellX, LLC v. Sbarra,* No. 16-1319, 2017 WL 956652 at *2 (W.D. Pa. 03/13/2017) (quoting *McClenaghan v. Turi,* Nos. 09-5497 and 11-2761, 2011 WL 4346339, at

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment by a United States Magistrate Judge. *See* ECF Nos. 37, 39, 42, and 43.

*1 (E.D. Pa. Sept. 16, 2011)). "Moreover, the common question of law or fact must be a principle one." *Id*. (citing *Farahmand v. Rumsfield*, No. 02-1236, 2002 WL 31630709, at *2 (E.D. Pa. Sept. 16, 2002). "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." *Id.*

Here, although the two cases are "related" in the broadest sense of the word, that being only that the events occurred while Plaintiff was incarcerated at Jefferson County Jail, there are no principle questions of law or fact in common. The cases are based on entirely different occurrences, factual allegations, and legal theories.

Moreover, with the exception of Warden Elbel, the parties to the two suits are largely different. In the instant case, the defendants are Warden Elbel, Prime Medical, Susan Rossino, M.D., and Jill Clark, Pa-C. In 16-cv-552, the defendants are Warden Elbel and Deputy Nunley.

In sum, the mere fact that both lawsuits arise from incidents which occurred while Plaintiff was incarcerated at Jefferson County Jail and that Defendant Elbel was the warden at the time the incidents allegedly occurred simply does not provide the basis for finding that common issues of law or fact exist between the two cases. Therefore, Defendant's motion to consolidate will be denied.

An appropriate Order follows.

## ORDER

**AND NOW**, this 2nd day of January, 2018, it is hereby ORDERED that Defendant's Motion to Consolidate is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: SHAWN LEE WHITENIGHT
182 Evansville Road
Berwick, PA 18603
(via U.S. First Class Mail)

All counsel of record, via ECF electronic notification