IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LEE WHITENIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS ELBEL, et al., <br><br> Defendants. | Civil Action No. 2:16-cv-00646-CRE <br><br> Chief United States Magistrate Judge <br> Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER**

This lawsuit is one of two pro se civil rights lawsuits filed by former inmate Shawn Whitenight, both of which allege that his rights were violated, in numerous respects, during his incarceration in the Jefferson County Jail in 2014. This lawsuit primarily concerns Plaintiff's allegations concerning his complaints regarding a lack of sufficiency of medical care and his placement on suicide watch as a result of his complaints regarding his medical care. The companion lawsuit alleges that the Defendants violated his attorney/client communications in various respects. Both lawsuits have involved significant written discovery issued by Mr. Whitenight, as well as repeated motions to compel discovery and attempts to have defense counsel sanctioned which were denied by the Court.

In the instant case, there is a pending motion filed by Plaintiff to compel defendants to provide additional discovery. (ECF No. 156).

**A. Relevant procedural history**

Plaintiff served voluminous sets of discovery on each of the Defendants numbering in the hundreds, all of which have been appropriately answered or legally appropriate objections have been asserted. On May 22, 2018, the Court issued an Order (ECF No. 153) that provides, in

1

pertinent part, that "To the extent that Plaintiff challenges Defendants' responses to his previously served discovery, he must file a motion to compel with the Court[.]" *Id*. The Court's May 22, 2018 Order instructed that "Plaintiff should carefully consider each of Defendants' objections, particularly the relevancy objections, keeping in mind the remaining issues in this case as reflected in the Court's Order entered on 12/5/17. (ECF No. 103)." *Id*.

The "remaining issues in this case as reflected in the Court's Order entered on 12/5/17" are far more limited than the claims Plaintiff alleged in the Complaint. The Court's December 5, 2017 Order dismissed:

> (1) Plaintiff's claim for injunctive and declaratory relief against all Defendants;
>
> (2) Plaintiff's 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs pursuant to the Fourteenth Amendment against Warden Elbel;
>
> (3) Plaintiff's 42 U.S.C. § 1983 claim for deliberate indifference pursuant to the Fourteenth Amendment against Dr. Rossino, Dr. Calvert, PA-C Clark and L.P.N. Purce insofar as he alleges that he was denied medical treatment due to cost, and that he was denied medical treatment due to the rescheduling of appointments;
>
> (4) Plaintiff's 42 U.S.C. § 1983 claim for deliberate indifference in violation of the Fourteenth Amendment pursuant to Monell against Prime Care;
>
> (5) Plaintiff's 42 U.S.C. § 1983 conspiracy claim against all Defendants; and
>
> (6) Plaintiff's negligent infliction of emotional distress claim against Warden Elbel.

Following the Court's issuance of its May, 22, 2018 Order, Plaintiff filed his Omnibus Motion to Compel (ECF No. 156). That Motion, and this lawsuit in general, was stayed for several months while this case was mediated. That mediation having been unsuccessful, the Court issued an Order (ECF No. 169) on February 26, 2019 "that, on or before 3/15/2019,
2

Defendants shall respond to Plaintiff's [156] Motion to Compel Discovery following this Court's instructions in its Order of 5/22/2018 at ECF No. 153." *Id*. The instructions referenced in the May 22, 2018 Order are that in responding to Plaintiff's Motion to Compel, the Defendants should extend some lenience in interpreting the discovery requests because Plaintiff is pro se. (ECF No. 153) The Order instructed that "Defendants should consider the relevant time period covered by the requests to be the time period as set forth in the Third Amended Complaint, December 17, 2013 through June 3, 2014." *Id*.

**B.     The scope of discovery**

Rule 26(b) (1) of the Federal Rules of Civil Procedure as amended sets the scope of permissible discovery in a civil case:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Earlier versions of this rule also permitted discovery of matters "reasonably calculated" to lead to the discovery of relevant evidence. However, Rule 26 no longer includes this language.

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth*., 203 F.R.D. 195, 196 (E.D. Pa. 2001). If the moving party satisfies this initial burden, the burden shifts to the responding party to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr*., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted).

C.  **Requests for Production, Interrogatories, and Requests for Admissions**

The court has reviewed the pending motion to Compel Discovery (ECF No. 156), Defendants' Responses (ECF Nos. 170, 171, 172, 173, 174, 175) and Plaintiff's Response in Opposition thereto (ECF No. 177). The Court finds that Defendants have fully and meticulously responded to Plaintiff's voluminous requests and, where appropriate, appropriately asserted objections. Plaintiff has been provided with the records to which he is entitled and detailed explanations of what occurred. There is nothing further to be compelled. Further, despite the Court's admonition in its prior orders, Plaintiff has not followed the guidance in those orders. (ECF Nos. 143, 144). Plaintiff has demanded a voluminous amount of irrelevant, duplicative material, despite the court's guidance, which borders on abusive and harassing; however, due to Plaintiff's pro se status, the Court will not reprimand or otherwise sanction Plaintiff for this behavior. Further, even assuming there could be some limited relevance to his requests, the requests are not proportional to the needs of the case as required by Fed. R. Civ. P. 2(b)(1).

Therefore, **IT IS HEREBY ORDERED** that the court **DENIES** Plaintiff's Motion to Compel additional discovery (ECF 156).

**DATED** this 24th day of April, 2019.

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:  SHAWN LEE WHITENIGHT
    182 Evansville Road
    Berwick, PA 18603
    (via U.S. first class mail)

All counsel of record via CM/ECF electronic notification